UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>    v.<br><br>PAUL E. ROGERS, LINDA M. ROGERS, and MASSACHUSETTS DEPARTMENT OF REVENUE,<br><br>           Defendants. | CIVIL ACTION<br>NO. 4:18-cv-40081-DHH |

**REPORT AND RECOMMENDATION**

**October 22, 2018**

Hennessy, M.J.

    This matter was assigned to me on May 21, 2018 for all pretrial and non-dispositive matters and Report and Recommendations. Dkt. no. 2. Now pending before the Court is Plaintiff's motion for entry of default against Defendant Linda M. Rogers ("Linda Rogers"). Dkt. no. 10.

    In consideration of the foregoing and for the reasons that follow, I RECOMMEND Plaintiff's motion for entry of default be GRANTED.

I.    PROCEDURAL BACKGROUND

    Plaintiff commenced this action to enforce a federal tax lien by filing a complaint on May 18, 2018. Dkt. no. 1. Linda Rogers was served with a summons and a copy of the complaint on July 10, 2018. Dkt. no. 9. Linda Rogers has not answered or otherwise moved with respect to the complaint. On October 10, 2018, Plaintiff filed a request for entry of default against Linda

1

Rogers. Dkt. no. 10. Plaintiff filed its request as a motion for entry of default. Id. Because Plaintiff docketed its request as a motion, rather than simply a request for the clerk to enter a default, the Court is proceeding pursuant to a Report and Recommendation.

II.     LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). As a preliminary matter, a default cannot be entered against a party unless the court has both personal and subject matter jurisdiction over the parties against whom the judgment is sought. Sergentakis v. Channell, 16-11101-DHH, 2017 WL 129989, at *1 (D. Mass. Jan. 12, 2017).

III.    ANALYSIS

Because the nature of the instant matter involves the enforcement of a federal tax lien by the United States of America, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402 and 7403. The record before the Court indicates that on July 10, 2018 Linda Rogers was personally served, in hand, with a summons and a copy of the complaint in Worcester, Massachusetts. Dkt. no. 9; see also Fed. R. Civ. P. 4. Service of process was properly effectuated and, as a consequence, this Court may exercise personal jurisdiction.

Pursuant to the Federal Rules of Civil Procedure, Linda Rogers had until July 31, 2018 to serve a responsive pleading to the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Linda Rogers has not filed an answer or otherwise moved with respect to the complaint. Moreover, Linda Rogers has neither appeared in this action nor has she indicated a desire to contest the action.

Plaintiff has shown "by affidavit or otherwise" that Linda Rogers has failed to plead or otherwise defend in this action.  Fed. R. Civ. P. 55(a); see also dkt. nos. 9–10.  The record and the foregoing reasons guide me to conclude that default should be entered against Linda Rogers pursuant to Federal Rule of Civil Procedure 55(a).  I therefore RECOMMEND that Plaintiff's motion for entry of default (dkt. no. 10) be GRANTED.[1]

## Conclusion

I find that Linda Rogers has failed to timely answer or otherwise move with respect to Plaintiff's complaint, and therefore RECOMMEND that Plaintiff's motion for entry of default (dkt. no. 10) be GRANTED.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation.  The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72(b)(2).  The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).